998 F.2d 1019
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Ronald R. ERDMAN, Appellant.
 No. 92-3100.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 13, 1993.
Filed: July 9, 1993.
 
 Appeal from the United States District Court for the District of North Dakota.
 D.N.D.
 AFFIRMED.
 Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ronald Erdman was convicted of harboring or concealing a fugitive (Merlyn Yagow) in violation of 18 U.S.C. § 1071. This court affirmed the conviction. United States v. Erdman, 953 F.2d 387 (8th Cir.), cert. denied, 112 S. Ct. 3009 (1992). Erdman subsequently filed a motion for a new trial (pursuant to Federal Rule of Criminal Procedure 33) on two grounds: (1) newly discovered evidence; and (2) juror irregularities. The district court denied the motion. We affirm.
 
 
 2
 Erdman first argues that the district court abused its discretion in denying his motion for a new trial based on newly discovered evidence. The facts of the underlying conviction are fully set out in Erdman I, 953 F.2d at 388-89. Relevant to this appeal is the fact that shortly after Yagow's arrival in Barnesville, Minnesota, where Erdman resided, Erdman had painted Yagow's green van a maroon color. Erdman states that he recently discovered a receipt, dated twenty days after the arrest warrant for Yagow was issued, showing that he returned "clear" paint to a retail store. The returned paint, Erdman asserts, was left over from painting Yagow's van. Erdman further urges that the paint was purchased before the date of Yagow's arrest warrant and that Yagow himself purchased the paint.[1] This newly discovered evidence, Erdman contends, would prove that he helped to paint Yagow's van without knowledge that Yagow was a fugitive and that he neither harbored Yagow nor intended to do so.
 
 
 3
 In order to prevail on this motion, Erdman was required to show, inter alia, that the newly discovered evidence was of such nature that, at a new trial, it would probably produce an acquittal. United States v. Gustafson, 728 F.2d 1078, 1084 (8th Cir.), cert. denied, 469 U.S. 979 (1984). We agree with the district court that even if Erdman's assertion is taken as true, the probability of an acquittal does not exist. The fact that the paint was purchased before Yagow's arrest warrant was issued does not preclude a finding that Erdman subsequently used the paint to harbor Yagow. Moreover, other evidence sufficiently supports the conviction. For example, after painting Yagow's van, Erdman helped Yagow find work hauling sugar beets and then helped him do the actual hauling. Yagow stayed in a trailer house earlier owned by Erdman and to which Erdman still had keys. Even after Agent Aldridge specifically informed Erdman of Yagow's arrest warrant, Erdman attempted to cash checks on Yagow's bank account, after Yagow was unable to do so.
 
 
 4
 Erdman also argues that the district court abused its discretion in denying his motion for a new trial on the ground of jury misconduct. Erdman states that he had a fight with one juror on his case over a girlfriend while both were in high school. He claims that he asked his trial attorney to exercise a peremptory challenge, but the attorney did not do so. This evidence is clearly not newly discovered. Therefore, pursuant to Federal Rule of Criminal Procedure 33, Erdman was required to make his motion for new trial "within 7 days of the verdict or finding of guilty or within such further time as the court may fix during the 7-day period." Erdman failed to do so and his motion is therefore untimely. Erdman suggests that the 7-day deadline is unreasonable in his case because he was imprisoned and had no contact with his attorney. Nevertheless, he failed to raise this argument in his appeal in Erdman I. Moreover, Erdman has failed to allege or show that he was prejudiced in any way by this juror's presence.
 
 
 5
 Finally, we note that in an affidavit to this court, Erdman argues that he should have been given an opportunity to conduct additional discovery on several points. It does not appear that he raised this issue with the district court. We fail to see, however, how any of the listed points would constitute newly discovered evidence that would likely produce an acquittal.
 
 
 6
 The order of the district court is affirmed.
 
 
 
 [1]
 To prove this point, Erdman requested a subpoena duces tecum to obtain cash receipts from the store, a request that the district court denied